**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **LIBBY A. DEMERY**, |
| Plaintiff, |
| v. |
| **CHRISTINE E. WORMUTH**, in her official capacity as Secretary of the Army, |
| Defendant. |

Case No. 21-cv-03066 (CRC)

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, filed her complaint on November 18, 2021, and the

defendant filed her motion to dismiss on January 31, 2022.  The next day, the Court issued a

"Fox/Neal" Order directing the plaintiff to respond to the defendant's motion by March 3, 2022,

or "the Court will treat the motion as conceded and may summarily dismiss the case."  See Order

at 3 (Feb. 1, 2022), ECF No. 5; Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly,

963 F.2d 453 (D.C. Cir. 1992).  Rather than file an opposition to the motion to dismiss, the

plaintiff filed an amended complaint, which the Court construed as a motion for leave to file an

amended complaint.  See Mot. Leave to Am., ECF No. 7; 4/8/2022 Minute Order.  The

defendant then filed an opposition to the plaintiff's motion for leave to amend.

It appears from the docket that the plaintiff has not filed a substantive response to the

defendant's motion to dismiss, nor a reply to the defendant's opposition to the motion for leave

to amend within the seven-day period required by the local rules, which expired on April 26,

2022. See Local Civil Rule 7(d).  Nor does her proposed amended complaint address the

defendant's arguments that her claims should be dismissed because: (1) the alleged violations of

the Administrative Procedure Act are preempted by the Civil Service Reform Act, the Age

Discrimination in Employment Act, and the Whistleblower Protection Act, see Ahuruonye v.

U.S. Dep't of Interior, 312 F. Supp. 3d 1, 13–14 (D.D.C. 2018); (2) to the extent the plaintiff

seeks relief under the WPA, which would implicate a process going through the Merits Systems

Protection Board, any MSPB "decision is appealable to the Federal Circuit" and not properly in

this Court, see Weber v. United States, 209 F.3d 756, 758 (D.C. Cir. 2000); and (3) the plaintiff's

claims are barred by res judicata, namely that she raised identical claims that were previously

rejected by the U.S. District Court for the District of Maryland, the Fourth Circuit Court of

Appeals, and the Federal Circuit.  See Demery v. McHugh, 959 F. Supp. 2d 5 (D.D.C. 2013);

Demery v. McHugh, No. PWG-13-2389, 2014 WL 4452672 (D. Md. Sept. 9, 2014); Demery v.

McHugh, 641 F. App'x 263 (4th Cir. 2016); Demery v. Dep't of Army, 809 F. App'x 892 (Fed.

Cir. 2020).

The plaintiff has thus conceded these points.  See Local Civil Rule 7(b); CD Int'l Enters.,

Inc. v. Rockwell Capital Partners, Inc., 251 F. Supp. 3d 39, 46 (D.D.C. 2017) (Cooper, J.) (party

conceded issue by failing to address it in opposition brief); Fox v. District of Columbia, 851 F.

Supp. 2d 20, 36–37 (D.D.C. 2012) (denying leave to amend as to claims "which plaintiffs

conceded by failing to respond to [defendant's] arguments").  In any case, the Court agrees with

the defendant's arguments on the merits.  The proposed amended complaint is futile because:

(1) any APA claims "are preempted by . . . the CSRA," Ahuruonye, 312 F. Supp. 3d at 13–14,

and the ADEA provides an "exclusive means to remedy" age discrimination claims for federal

employees, Francis v. Perez, 256 F. Supp.1, 5–6 (D.D.C. 2017); (2) any relief under the WPA

must go through the MSPB, and MSPB decisions are "appealable to the Federal Circuit," Weber,

209 F.3d at 758; and (3) the prior Demery decisions from other courts, cited above, have

disposed of the plaintiff's CSRA, ADEA, and WPA claims.  See Demery, 2014 WL 4452672, at

*7 (dismissing discrimination and retaliation claims under the CSRA and ADEA, and denying leave to amend because "none of her proposed changes state a claim"); Demery, 809 F. App'x at 894, 898 (affirming MSPB's denial of relief under the WPA because Demery "failed to prove she made any protected disclosure that was a contributing factor in her non-selection for a position vacancy," and she "was not perceived as a whistleblower").

For these reasons, the Court will deny the plaintiff's motion for leave to file an amended complaint, grant the defendant's motion to dismiss, and dismiss the case.

---

CHRISTOPHER R. COOPER
United States District Judge

Date:   April 29, 2022