UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LIBBY A. DEMERY**,<br><br>        Plaintiff,<br><br>    v.<br><br>**CHRISTINE E. WORMUTH**, in her official capacity as Secretary of the Army,<br><br>        Defendant. | Case No. 21-cv-03066 (CRC) |

## MEMORANDUM OPINION

On April 29, 2022, this Court issued an Order granting the defendant's motion to dismiss, denying plaintiff's motion for leave to amend the complaint, and dismissing this case, see ECF No. 9, as well as an accompanying Memorandum Opinion, see ECF No. 10.  After the Court issued the Order and Memorandum Opinion, the plaintiff's reply in support of her motion for leave to amend appeared on the docket.  See ECF No. 11.  It appears to have been filed on April 28, which is two days after the deadline in the local rules.  See Local Civil Rule 7(d); Mem. Op. at 1 (Apr. 29, 2022), ECF No. 10.  Although nothing in her reply warrants a change in the Court's Order dismissing the case, in light of this filing, the Court modifies its accompanying Memorandum Opinion as follows.

Libby Demery is a former civilian employee of the United States Army.  Proposed Am. Compl. ("PAC") at 1–2, ECF No. 7.  She is a 63-year-old veteran.  Id. at 2.  In 2010 and 2011, Demery claims she was passed up for two analyst positions with the National Guard Bureau.  Id.; Compl. at 4, ECF No. 1.  The agency instead selected a younger candidate.  Four months later, Demery says she was "not appointed a second time."  Compl. at 4.  Demery has sued the Secretary of the Army, alleging that this denial of employment violated the Civil Service Reform

Act (CSRA), the Age Discrimination in Employment Act (ADEA), and the Whistleblower Protection Act (WPA). Further, she filed petition styled as a "Mandamus Pursuant to the Administrative Procedure Act (APA) Complaint," which "appeals from [a] Merit System Protection Board (MSPB)" administrative law judge decision related to her case. See Compl. at 6–18. Demery seeks a retroactive appointment to the analyst position, as well as back pay, front pay, and compensatory damages. Id. at 18; PAC at 15.

In 2014, Demery brought a substantially similar lawsuit, based on the same statutes, in the District of Maryland. See Demery v. McHugh, No. PWG-13-2389, 2014 WL 4452672 (D. Md. Sept. 9, 2014). As in this case, she alleged that she was twice denied the analyst position and that the agency discriminated against her because of her age. Id. at *1, *6. The court dismissed Demery's case based on both lack of exhaustion and failure "to state a claim for age discrimination." Id. at *2–6; id. at *7 (denying leave to amend for failure to "state a claim for age of disability discrimination"). Following that dismissal, Demery sought to vacate the decision and moved for recusal of the district court judge. See Demery v. McHugh, 641 F. App'x 263 (4th Cir. 2016). The Fourth Circuit affirmed the district court's denial of those motions. Id.

Demery also went through the MSPB process for a WPA claim, and she appealed the MSPB's denial of her request for corrective action to the Federal Circuit. See Demery v. Dep't of Army, 809 F. App'x 892 (Fed. Cir. 2020). That case also concerned her non-selection for the analyst position. Id. at 894–95. The Federal Circuit affirmed the MSPB decision because Demery "failed to prove she made any protected disclosure that was a contributing factor in her non-selection for a position vacancy," and she "was not perceived as a whistleblower." Id. at 894, 898.

Now Demery is proceeding *pro se* in this Court. She filed her initial complaint on November 18, 2021, and the defendant filed a motion to dismiss on January 31, 2022. The next day, the Court issued a "Fox/Neal" Order directing Demery to respond to the defendant's motion by March 3, 2022, or "the Court will treat the motion as conceded and may summarily dismiss the case." See Order at 3 (Feb. 1, 2022), ECF No. 5; Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992). Rather than file an opposition to the motion to dismiss, Demery filed an amended complaint, which the Court construed as a motion for leave to file an amended complaint. See Mot. Leave to Am., ECF No. 7; 4/8/2022 Minute Order. The defendant then filed an opposition to Demery's motion for leave to amend. It appears from the docket that Demery filed her reply in support of the proposed amendment on April 28, 2022.

The defendant moved to dismiss Demery's claims because: (1) the alleged violations of the APA are preempted by the CSRA, the ADEA, and the WPA, see Ahuruonye v. U.S. Dep't of Interior, 312 F. Supp. 3d 1, 13–14 (D.D.C. 2018); (2) to the extent the plaintiff seeks relief under the WPA, which would implicate a process going through the MSPB, any MSPB "decision is appealable to the Federal Circuit" and not properly in this Court, see Weber v. United States, 209 F.3d 756, 758 (D.C. Cir. 2000); and (3) the plaintiff's claims are barred by res judicata, namely that she raised identical claims that were previously rejected by the U.S. District Court for the District of Maryland, the Fourth Circuit Court of Appeals, and the Federal Circuit. See Demery v. McHugh, 959 F. Supp. 2d 5 (D.D.C. 2013); Demery 2014 WL 4452672 (D. Md. Sept. 9, 2014); Demery, 641 F. App'x 263 (4th Cir. 2016); Demery, 809 F. App'x 892 (Fed. Cir. 2020).

In the prior Memorandum Opinion, ECF No. 10, the Court reasoned that the case should be dismissed both because Demery had conceded the arguments raised by the defendant's

motion, and in any event, "the Court agree[d] with the defendant's arguments on the merits." See Mem. Op. at 2–3.  The proposed amended complaint is futile because: (1) any APA claims "are preempted by . . . the CSRA," Ahuruonye, 312 F. Supp. 3d at 13–14, and the ADEA provides an "exclusive means to remedy" age discrimination claims for federal employees, Francis v. Perez, 256 F. Supp.1, 5–6 (D.D.C. 2017); (2) any relief under the WPA must go through the MSPB, and MSPB decisions are "appealable to the Federal Circuit," Weber, 209 F.3d at 758; and (3) the prior Demery decisions from other courts, cited above, have disposed of the plaintiff's CSRA, ADEA, and WPA claims.  See Demery, 2014 WL 4452672, at *7 (dismissing discrimination and retaliation claims under the CSRA and ADEA, and denying leave to amend because "none of her proposed changes state a claim"); Demery, 809 F. App'x at 894, 898 (affirming MSPB's denial of relief under the WPA because Demery "failed to prove she made any protected disclosure that was a contributing factor in her non-selection for a position vacancy," and she "was not perceived as a whistleblower").

Although Demery's reply was technically belated, because it was received only two days after the due date, the Court will consider it.  Accordingly, the Court's prior Memorandum Opinion, ECF No. 10, is modified to the extent that it relied on the plaintiff having conceded the points raised in the defendant's motion to dismiss and opposition to the motion for leave to amend.  However, nothing in the reply warrants a departure from the Court's prior reasoning (restated above) on the merits.  Moreover, to the extent that this suit is a vehicle to seek additional review those prior decisions from other courts, this Court "lacks appellate jurisdiction over other judicial bodies, and cannot exercise mandamus over other courts." United States v. Choi, 818 F. Supp. 2d 79, 85 (D.D.C. 2011).

For these reasons, the Court adheres to its decision to deny the plaintiff's motion for

leave to file an amended complaint, grant the defendant's motion to dismiss, and dismiss the case. Thus, the Order dismissing the case, ECF No. 9, remains the final appealable Order of the Court.

                                                 CHRISTOPHER R. COOPER
                                                 United States District Judge

Date:   May 2, 2022